[Crim. No. 5609.   Second Dist., Div. Three.   Sept. 14, 1956.]

THE PEOPLE, Respondent, v. CHARLES BASIL WHEAT, Appellant.

Charles Basil Wheat, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with burglary. It was also alleged in the information that he had been convicted on seven prior occasions of a total of eight felonies, and that he had served terms of imprisonment therefor in state prisons.   Defendant denied those allegations.   Trial by jury was waived.   He was adjudged guilty, and the offense was fixed as burglary of the first degree.   The allegations as to prior convictions were found to be true.   Defendant appeals from the judgment.

Appellant contends that the evidence was not sufficient to support the finding that the offense was burglary *of the first degree*. He asks that the judgment be modified by reducing the degree of burglary from first degree to second degree.

Section 460 of the Penal Code provides, in part: "1. Every burglary of an inhabited dwelling-house or building committed in the night-time . . . is burglary of the first degree. 2. All other kinds of burglary are of the second degree."

■  The question on appeal is whether the evidence was sufficient to support a finding that the burglary was committed in the nighttime.

Mrs. Burnand testified that on September 28, 1955, she was living in a one-family, two-story house at 2361 Hollyridge Drive in Los Angeles. About 8 p. m. of that day, she and her husband retired to bed; before she retired she examined the doors of the house, and everything was locked and in order; about midnight she heard noises in the house; she "heard sorts of things like they were dropping, stumbling around"; she did not do anything about the noises because she was very tired and thought the noises might be her imagination or the people across the road; when she went downstairs in the morning she saw that the suitcase, which was at the foot of the stairs, had been opened and everything had been thrown out of it, and her valuables which had been in the suitcase were missing; the missing valuables were a diamond brooch, two gold bracelets, gold earrings with Greek coins, circle diamond earrings, and $55 or $60; she also noticed that the doors of a room on the bottom floor were open; the gold earrings with Greek coins (Exhibit 1), shown to her while she was a witness, were her earrings which were missing on September 29.

A police officer, who arrested defendant in San Francisco on October 5, 1955, testified that the circle diamond earrings (Exhibit 2) were in defendant's shirt pocket.

Another police officer testified that he first saw Exhibit 1 (the gold earrings with Greek coins) in a house on East 24th Street in Los Angeles; defendant was with the officer at that time, and defendant said that the house was his residence; defendant told the officer that he opened the door of the Burnand house with a pry bar, went into the house, opened the suitcase at the foot of the stairs, took articles of jewelry from the suitcase, put them in his pocket, went out of the house, and stayed in the weeds until it became light enough

for him to walk down the street without being noticed; defendant also said that Exhibits 1 and 2 came from the house, and that he thought it was daylight when he entered the house —he figured it was around 6 a. m. when he entered.

Defendant did not testify and did not call any witness in his behalf.

Appellant argues to the effect that there was no positive testimony that he entered the house in the nighttime; that the testimony of Mrs. Burnand was not definite as to where the noises were or as to the time when she heard them; and "it is logical that perhaps the burglary was committed late the next morning."

The trial judge could reasonably have found from the evidence herein that the burglary occurred in the nighttime. The evidence supports the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied September 28, 1956.